IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BREANNA I. S., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-6761 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| LELAND DUDEK, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Breanna I. S. seeks to overturn the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her applications for Child's Insurance Benefits ("CIB") and Title XVI Supplemental Security Income ("SSI") benefits. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively applied for SSI and CIB on February 12, 2019 and January 30, 2020, respectively, alleging disability since March 1, 1993 due to autism and anxiety disorder. Administrative Record ("R.") 196-97, 207, 222. Born in July 1989, plaintiff was three years old as of the alleged disability onset date and 29 years old at the time of her SSI application, making her a younger person (under

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

age 50). 20 C.F.R. § 416.963(c); R. 196. With the help of academic accommodations such as a dedicated notetaker and extra time for assignments, plaintiff obtained a Bachelor's Degree in sports and fitness management. R. 39-40, 45, 51-52, 223. She has never engaged in substantial gainful activity but does work part-time as an assistant to her former high school track and field coach. R. 41-44.

The Social Security Administration denied plaintiff's applications initially on December 13, 2019, and upon reconsideration on October 6, 2020. R. 72-105. Plaintiff filed a timely request for a hearing and on February 17, 2022, she appeared before an administrative law judge ("ALJ"). R. 32. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Julie Dyer (the "VE").[2] R. 34-71. On March 8, 2022, the ALJ found that plaintiff's autism, anxiety, and depression are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-18.

After reviewing the evidence, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels involving: only occasional interaction with supervisors and coworkers away from the public; no tandem or group tasks; no work involving hourly production quotas; and no commercial driving. R. 18-24. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could perform a significant

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

2

number of jobs available in the national economy, including kitchen helper, laundry worker, and hand packager. R. 24-25. As a result, the ALJ concluded that plaintiff was not disabled at any time from the March 1, 1993 alleged disability onset date through the date of the decision. R. 25-26. On October 3, 2022, the Appeals Council denied plaintiff's request for review. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ: (1) erred in evaluating the opinion evidence of record; and (2) improperly discounted her subjective statements regarding her limitations. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of the opinion evidence.

## **DISCUSSION**

### A.   Standard of Review

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing whether: "(1) the claimant is presently employed; (2) the

claimant has a severe impairment or a combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021); *see also Melvin J. v. Kijakazi*, No. 20 C 3284, 2022 WL 2952819, at *2 (N.D. Ill. July 26, 2022) (citing 20 C.F.R. § 416.920(a)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Butler*, 4 F.4th at 501.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand

4

terms," an ALJ must build a "logical bridge from the evidence to his conclusion."); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.     Analysis**

    **1.     Opinion Evidence**

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in evaluating the opinion evidence of record. Dkt. 16 at 8-12; Dkt. 23 at 1-4. Since plaintiff filed her claims in 2019 and 2020, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 416.920c(a). Instead, the ALJ was required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022); *see also* 20 C.F.R. § 416.920c(c)(1)-(5)). An ALJ must explain how he considered the first two factors (supportability and consistency) and may but is not required to explain his consideration of the other factors. 20 C.F.R. § 416.920c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Michelle D.*, 2022 WL 972280,

5

at *4; 20 C.F.R. § 416.920c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id. See also* 20 C.F.R. § 416.920c(c)(2)).

On January 25, 2022, psychiatrist Mark A. Amdur, M.D. conducted a mental exam of plaintiff at the request of her attorney. R. 561-67. In his January 26, 2022 psychiatric report, Dr. Amdur noted that he saw "considerable overt anxiety with hand movements, truncal restlessness, and grimacing." R. 565. He also reported "lengthy contemplative delays" before plaintiff would respond to questions. *Id.* During the interview, plaintiff displayed difficulty with comprehension of simple questions and her affect was inappropriate "with much anxious giggling." R. 565, 566. Dr. Amdur indicated that plaintiff's obsessive-compulsive disorder "conveys markedly severe functional impairments." R. 566. Specifically, plaintiff's compulsive cleaning "delays her departure from the house," and compulsive coin collecting is a "significant distraction." *Id.*

The ALJ discussed Dr. Amdur's report, R. 21, but did not evaluate its persuasiveness under 20 C.F.R. § 416.920c or address the key issues of consistency and supportability. This constitutes reversible error. *Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *4 (N.D. Ill. Mar. 9, 2023) (collecting cases) (remand proper where the ALJ failed to "expound upon the supportability and consistency" of a physician's opinion). The Commissioner responds that no such evaluation was necessary here because Dr. Amdur's report is not a medical opinion. Dkt. 22 at 3-4. According to the Commissioner, Dr. Amdur did not offer specific limitations in work

6

activity caused by plaintiff's impairments so the ALJ properly viewed his assessment as "other medical evidence." *Id.* at 4 (citing 20 C.F.R. § 416.913(a)(3)).

The problem with this argument is that the ALJ did not make it and expressly characterized Dr. Amdur's report as offering "opinions." R. 21. The Seventh Circuit has made clear that "[w]e must confine our review to the reasons supplied by the ALJ, rather than allowing the government to invent new findings to rescue an insufficient decision on appeal." *Poole v. Kijakazi*, 28 F.4th 792, 797 (7th Cir. 2022) (internal quotations omitted). The Commissioner argues that the ALJ fairly observed that Dr. Amdur's opinions appeared to be based on subjective statements from plaintiff and her mother as opposed to personal observations. Dkt. 22 at 3 (citing R. 21). Yet Dr. Amdur described seeing plaintiff display difficulty comprehending simple questions and engage in odd behaviors and mannerisms. R. 566. He also reviewed plaintiff's school, medical, and employment records. R. 561. And though the ALJ correctly noted that Dr. Amdur conducted only a "onetime exam," R. 21, she was generally persuaded by opinions from state agency reviewers who never saw plaintiff at all. R. 22-23. One of those reviewers, Steven Fritz, Psy.D., limited plaintiff to routine and repetitive one and two-step tasks, R. 79, which is arguably consistent with Dr. Amdur's assessment regarding plaintiff's comprehension problems. The ALJ did not adequately explain why she omitted that restriction from the RFC. Notably, "a limitation to one or two step work restricts the person to a Level 1 Reasoning job," *Deborah B. v. Kijakazi*, No. 20 C 7729, 2022 WL

7

1292249, at *2 (N.D. Ill. Apr. 29, 2022), but the ALJ found plaintiff capable of performing three categories of jobs that all require Level 2 Reasoning. R. 25.

On the record presented, the ALJ did not adequately address Dr. Amdur's opinion and the case must be remanded for further consideration of this issue. *See Fatime I. v. Kijakazi*, No. 20 C 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022) ("Because the ALJ did not address the supportability and consistency of those opinions, remand is required").

### 2. Remaining Arguments

Having concluded that a remand is required, the Court will not address plaintiff's remaining arguments. That said, the ALJ should take the opportunity on remand to reassess all opinions of record and re-evaluate the testimonial evidence concerning plaintiff's mental functioning.

### CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment [16] is granted, and the Commissioner's motion for summary judgment [21] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 4/3/2025